[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Rosemarie Matthews, age 63, brings this action against the defendant, First National Supermarkets, Inc. as a result of injuries allegedly sustained by the plaintiff in a fall in defendant's store in Windsor Locks on December 18, 1986.
The plaintiff claims she fell on a wet tile floor inside the store entrance due to the defendant's negligence in allowing a wet condition to continue after the defendant knew or should have known that, due to a snowfall that was ongoing, people were tracking in that snow and the area where the plaintiff fell remained wet. The plaintiff alleges a failure to make reasonable inspections, a failure to warn in addition to the other specified acts of negligence.
From the more probative and credible evidence adduced at trial, the following facts are found:
The Issue of Liability
The plaintiff, upon leaving work at The Travelers Insurance Company, was driven to the defendant's market by her husband who remained in the car while the plaintiff went into the market to shop at approximately 3:00 p. m.
It had been snowing lightly since 11:00 a.m. The defendant's customers had been tracking snow into the store. The plaintiff passed through the two entrance doors over rubber electronic mats. The floor is tiled after that point. The defendant's manager, John St. John, knew of the tracked-in snow having observed that a carpet which he claimed was placed on the tile floor beyond the rubber mats at the entrance had to be changed at least once because it became wet from the tracked-in snow.
Both plaintiff and her husband, Clifford Matthews, testified, and the court so finds, that at the time of the plaintiff's fall, no carpeting was in place and the tile floor was wet enough to soak the plaintiff's coat after she fell on it. Clifford Matthews was called to the scene immediately after the accident.
The court therefore finds that the defendant was negligent in maintaining the floor free of water from the tracked-in snow and knew of the condition that existed. Further, it should have warned the plaintiff of the condition and failed to do so. The defendant has failed to satisfy its burden of proof that the plaintiff was guilty of contributory negligence. CT Page 950
The Issue of Damages
As a result of her fall, the plaintiff suffered injuries to her neck, right shoulder, and back. All of her injuries cleared in a relatively short period of time except the injury to her right shoulder which was subsequently diagnosed as a torn rotator cuff tendon.
The plaintiff's shoulder injury necessitated surgery to repair the tendon, which surgery was performed by Dr. Derek Woodbury, an orthopedic surgeon. The severity of the tear, according to Dr. Woodbury, was a "9" on a scale of "10." The surgery was relatively successful, although the plaintiff had to return to the hospital for a manipulation of the shoulder under anesthesia because of adhesions which developed. She last saw Dr. Woodbury on October 29, 1987.
The plaintiff has suffered severe pain and incapacity from her injury and continues to have problems raising her arm above her shoulder, doing ordinary household tasks, and cannot continue her former recreational activity of bowling.
This condition is permanent and Dr. Woodbury has classified this disability at 30% of her shoulder. She also has a scar on that shoulder as a result of the surgery.
The plaintiff has a life expectancy of approximately 20 years.
The plaintiff was out of work at The Travelers for thirty weeks and lost earnings as a file clerk in the sum of $4,046.
Although she claims she has been unable to work since leaving her work in April of 1988, and will be unable to work in the future, the court finds that she has failed to sustain her burden of proof as to this claim.
The plaintiff, after returning to work in July 1987, disliked her placement in a warehouse and left The Travelers, as previously noted, in April of 1988. She did not seek employment of any kind elsewhere then or since. This court is not satisfied that she is unable to work. In fact, Dr. Woodbury declared her able to work as of July 1987 and did not testify that she could not work since that time.
The plaintiff's medical bills which the court finds were incurred as a result of the injuries sustained in the fall, have been stipulated to be $8,672.81. CT Page 951
The court therefore finds the issues for the plaintiff on the first count of the complaint.
It is adjudged that the plaintiff is awarded specific damages as follows:
A. Past economic damages $12,718
B. Past non-economic damages 22,282
C. Future economic damages 0
 D. Future non-economic damages 40,000 ------- TOTAL DAMAGES: $75,000
These damages are reduced by the collateral source benefits which the plaintiff has received in connection with this matter in the sum of $7,000.
A fee of $500 for the testimony of Dr. Derek Woodbury is approved as part of the costs of this action.
Judgment may enter for the plaintiff in the sum of $68,000.
FREED, J.